

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 30, 2019

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Joseph Santapaola**
             S3 18 Cr. 15 (AKH)

Dear Judge Hellerstein:

      The Government respectfully submits this letter in connection with the sentencing of defendant Joseph Santapaola, currently scheduled for May 2, 2019.  As more fully set forth below, the plea agreement between the parties (the "Plea Agreement") calculated a United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 18 to 24 months' imprisonment (the "Guidelines Range").  The United States Probation Department ("Probation") has come to the same calculation in the Presentence Report ("PSR").  Probation recommends a sentence of three years of probation with six months of location monitoring.  Given the unique circumstances of this defendant, the Government does not object to a significant sentence of probation.

## Background

      From at least 2014 through January 2018, Joseph Santapaola, who was a made member and soldier in the Bonanno Organized Crime Family of LCN, extended loans at unlawful interest rates, with the understanding that if the borrowers were late with their payments, or did not repay the loans, that there would be threats of violence in an attempt to force repayment. Santapaola's criminal conduct involved two borrowers, to which he charged one-and-one-half percent interest per week, thereby totaling 75-percent per year
.
      As a result of this conduct, Santapaola pleaded guilty, pursuant to the Plea Agreement, to making an extortionate loan, in violation of Title 18, United States Code, Section 891. During his plea allocution, Santapaolo admitted to his involvement in extending extortionate loans.

      Pursuant to the Plea Agreement, the parties stipulated to a base offense level of 20 and a two-level decrease because the defendant was a minor participant in the criminal activity.  (PSR ¶ 3). After a three-level reduction for acceptance of responsibility, the total offense level is 15.  (PSR ¶ 3). The parties further stipulated that the defendant had zero criminal history points and was in Criminal

History Category I. (PSR ¶ 3). Accordingly, the parties stipulated that the Guideline Range was 18 to 24 months' imprisonment. (PSR ¶ 3). In the PSR, Probation has reached the same determination. (PSR ¶¶ 30-45, 81).

**Discussion**

The Government respectfully submits that, in considering the appropriate sentence, the factors applicable here pursuant to 18 U.S.C. § 3553(a) include the nature and seriousness of the offense; the need to afford adequate deterrence; and the need to protect the public. The Government submits that in applying the applicable Section 3553(a) factors, the circumstances of the defendant's offense conduct warrant a sentence below the Guidelines Range.

First, although the defendant participated in a serious offense, his role was minor. The defendant made extortionate loans, but did not participate himself in collecting the loans or making threats of violence to do so.

Second, a substantial sentence of probation is sufficient, but not greater than necessary, to ensure that the defendant is deterred from committing future crimes. This is the defendant's second federal conviction for loansharking, which ordinarily would counsel in favor of an incarceratory sentence. However, in considering the need for deterrence, the Government recognizes that the defendant has significant health issues arising from his work at a landfill on Staten Island during and after the terrorist attacks on September 11, 2001. Accordingly, the Government respectfully submits that a significant sentence of probation will likely deter the defendant from committing further crimes.

**Conclusion**

For the foregoing reasons, the Government does not object to a sentence of a significant term of probation.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:    /s/
    Jason M. Swergold
    Gina Castellano
    Jacob R. Fiddelman
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-1023 / 2224 / 1024